**UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS**

| | |
|---|---|
| **JOSEPH LIBBY,** | ) |
|        Plaintiff, | ) **Case No.: 5:21-cv-00197-DAE** |
|    v. | ) |
| **NATIONAL REPUBLICAN SENATORIAL COMMITTEE,** | ) **Jury Trial Demanded** |
|        Defendant. | ) |

# AMENDED COMPLAINT

JOSEPH LIBBY ("Plaintiff"), by and through his attorneys, KIMMEL & SILVERMAN, P.C., alleges the following against NATIONAL REPUBLICAN SENATORIAL COMMITTEE ("Defendant" or "NRSC"):

## INTRODUCTION

1. Plaintiff's Amended Complaint is based on the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.*

## JURISDICTION AND VENUE

2. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331. See Mims v. Arrow Fin. Services, LLC, 132 S. Ct. 740, 747, 181 L. Ed. 2d 881 (2012).

3. Defendant conducts business in the State of Texas.

4. Plaintiff resides in the State of Texas.

5. The acts and omissions described herein occurred primarily in the State of Texas.

6. Accordingly, personal jurisdiction is established.

7. Plaintiff resides in San Antonio and received the unwanted text messages in San Antonio on his (210) area cell phone.

8. Accordingly, Venue is proper pursuant to 28 U.S.C. § 1391(b)(2).

## PARTIES

9. Plaintiff is a natural person residing in San Antonio, Texas.

10. Plaintiff is a "person" as that term is defined by 47 U.S.C. § 153(39).

11. Defendant is a corporation that has its headquarters located at 425 2ND Street NE, Washington, DC 20002.

12. Defendant is a "person" as that term is defined by 47 U.S.C. §153(39).

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## FACTUAL ALLEGATIONS

14. Plaintiff's cell phone number, 210-XXX-6686 has been on the FTC's federal Do Not Call Registry since January 2014.

15. Plaintiff placed his cell phone number on the Do Not Call registry due to his desire for solitude and a desire to be free of unwanted calls and text messages.

16. Defendant NRSC is a political organization that raises money for Republican Senatorial candidates.

17. Defendant has devised and implemented a campaign fundraising strategy which includes the transmission of text messages to prospective donors.

18. Plaintiff never consented to receive text messages from the NRSC.

19. Despite the fact that Plaintiff's cell phone number had been registered on the Do Not Call list since 2014, and despite the fact that Plaintiff never consented for the NRSC to call or text him, Defendant placed a series of harassing and intrusive texts seeking to raise money for political candidates from around September 2020 through January 2021.

20. Specifically, Defendant sent text messages to Plaintiff's cell phone for the purpose of soliciting campaign donations on dates including but not limited to:

- 09/24/2020;
- 09/28/2020; and
- 01/02/2020.

21. Defendant's text messages were generic and obviously pre-written.

22. Furthermore, Defendant's texts include links containing pre-recorded video.

23. On NRSC's website, the organization concedes that its communications are "recurring autodialed marketing messages." (*See* Ex. A, Printout from NRSC's webpage, p. 6 ("By participating, you agree to the terms & privacy policy (55404-info.com) for recurring autodialed marketing messages from NRSC to the phone number you provide.")[1]

24. Accordingly, the text messages qualify as "calls with a pre-recorded voice" and calls made with an automatic telephone dialing system under the TCPA.

25. Plaintiff found the calls to be annoying, disruptive, frustrating and an invasion of his privacy.

26. The actions described herein were in violation of the TCPA.

---

[1] Again, Plaintiff did not consent to receiving the aforementioned text messages from NRSC prior to the NRSC's issuance of said text messages.

3

PLAINTIFF'S AMENDED COMPLAINT

## COUNT I
## Defendants Violated the TCPA 47 U.S.C. § 227(b)

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits placing calls or text messages using an automatic telephone dialing system or automatically generated or prerecorded voice to a cellular telephone except where the caller has the prior express consent of the called party to make such calls or where the call is made for emergency purposes. 47 U.S.C. § 227(b)(1)(A)(iii).

29. Because a text is a "call' under the TCPA, by logical extension, a text with a pre-written script is a "call with a pre-recorded voice" under the statute.

30. Defendant sent to Plaintiff text messages with pre-written script.

31. Furthermore, the texts contained links with pre-recorded video.

32. Upon information and belief, Defendant uses dialing technology, which calls phone numbers from a stored list using a random or sequential number generator to select those phone numbers.

33. Here, Defendant initiated multiple text messages to Plaintiff's cellular telephone number using an automatic telephone dialing system.

34. Defendant's texts were not made for "emergency purposes."

35. Defendant's texts to Plaintiff's cellular telephones without any prior express consent.

23. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry.

24. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

25. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

26. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

## COUNT II
## Defendant Violated the TCPA 47 U.S.C. § 227(C)

27. Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

28. The TCPA prohibits any person or entity of initiating any telephone solicitation to a residential telephone subscriber who has registered his or his telephone number on the National Do-Not-Call Registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government. 47 U.S.C. § 227(c).

29. Defendant contacted Plaintiff despite the fact that Plaintiff has been on the Do Not Call Registry since 2014.

30. Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

31. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

32. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

**Wherefore**, Plaintiff, **JOSEPH LIBBY,** respectfully prays for judgment as follows:

a. All actual damages Plaintiff suffered (as provided under 47 U.S.C. § 227(b)(3)(A));

b. Statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3)(B));

c. Additional statutory damages of $500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

d. Treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(b)(3));

e. Additional treble damages of $1,500.00 per violative telephone call (as provided under 47 U.S.C. § 227(C);

f. Injunctive relief (as provided under 47 U.S.C. § 227(b)(3) and (c); and

g. Any other relief this Honorable Court deems appropriate.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, JOSEPH LIBBY, demands a jury trial in this case.

RESPECTFULLY SUBMITTED,

DATED: 04/16/2021

By: */s/ Amy L.B. Ginsburg*
Jacob U. Ginsburg, Esq.
Kimmel & Silverman, P.C.
30 East Butler Pike
Ambler, PA 19002
Phone: (215) 540-8888 ext. 167
Facsimile: (877) 788-2864
Email: aginsburg@creditlaw.com
teamkimmel@creditlaw.com

CERTIFICATE OF SERVICE

I, Amy L.B. Ginsburg, hereby certify that on April 16, 2021 a true and correct copy of the foregoing Amended Complaint was served on all parties of record via ECF.

*/s/ Jacob U. Ginsburg*